UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

YULE R. HOBSON,                )
                               )
            Plaintiff,         )
                               )
      v.                       )    No. 4:10-CV-2160-DJS
                               )
JENNIFER JOYCE, et al.,        )
                               )
            Defendants.        )

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Yule R. Hobson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a resident at the Metropolitan St. Louis Psychiatric Center, brings this action for monetary and injunctive relief against Jennifer Joyce, Neal Miller (Circuit Attorney), Mitchel Simpher, Margaret Owens, Michael L. Lowery, Steven R. Ohmer, Joan Moriarty, Unknown Armour, and Jay Nixon. Plaintiff claims that a judge in the St. Louis City Circuit Court is denying him his "right to evidence" in a criminal matter, and he is requesting that this Court order a state court judge to provide plaintiff with "lab tests."

At the outset, the Court notes that plaintiff has failed to state the grounds for filing this action in Federal Court. Liberally construing this action under 42 U.S.C. § 1983, the complaint is legally frivolous, because plaintiff has failed to assert non-conclusory allegations relative to the violation of his

2

constitutional rights against any of the named defendants. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Moreover, it is unclear whether many of the named defendants are state actors under § 1983. Furthermore, as a general rule, a federal court may not intervene either by injunction or declaratory judgment in a pending state criminal proceeding except under extraordinary circumstances where there is a threat of irreparable injury which is both great and immediate. See <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971) (injunctive relief); <u>Samuels v. Mackell</u>, 401 U.S. 66, 73 (1971) (declaratory relief). Plaintiff's allegations fail to indicate that he will suffer "great and immediate" irreparable injury.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2010.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE